*Form M-200*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 12-30880-DRJ |
| JANIE SANTANA, | § | |
| | § | CHAPTER 13 |
| Debtor. | § | |

## MOTION FOR RELIEF FROM THE STAY AND CO-DEBTOR STAY REGARDING REAL PROPERTY

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF YOU OBJECT TO THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO REACH AN AGREEMENT. IF YOU CANNOT REACH AN AGREEMENT, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT NOT LATER THAN MARCH 26, 2012, AND YOU MUST ATTEND THE HEARING.

THE COPY SENT TO THE MOVANT MUST BE DELIVERED BY HAND OR ELECTRONIC DELIVERY IF IT IS SENT LESS THAN 7 DAYS PRIOR TO THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN EVIDENTIARY HEARING AND THE COURT MAY GRANT OR DENY RELIEF FROM THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING. IF A TIMELY OBJECTION IS FILED, THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON APRIL 3, 2012, AT 9:00 A.M. IN COURTROOM 400, 500 RUSK, HOUSTON, TEXAS.

1. This Motion requests an order from the Bankruptcy Court authorizing the person filing this Motion to take physical possession of the property that is identified in paragraph 4.

2. Movant: Comerica Bank.

3. On May 17, 2007, Debtor and Roberto M. Larios ("Co-Debtor") executed and delivered to Movant a Texas Home Equity Deed of Trust ("Deed of Trust") to secure an extension of credit in the amount of $75,548.00 ("Indebtedness") due and owing to Movant by Debtor and Co-Debtor. A true and correct copy of the Deed of Trust is attached hereto as Exhibit No. 1 and by reference made a part hereof. Due to Debtor and Co-Debtor's pre-petition default, Movant accelerated the Indebtedness and foreclosed on the Deed of Trust on December 6, 2011.

4. Movant is the record owner of the real property commonly known as 4625 Clay Street, Houston, Texas 77023 ("Real Property"). Movant acquired title to the Real Property via non-judicial foreclosure at the substitute trustee's sale on December 6, 2011, at the Harris County Courthouse. Movant perfected its ownership of the Real Property by filing the Substitute Trustee's Deed ("Trustee's Deed") with the Harris County Clerk on December 13, 2011, in Document No. 20110521090. A true and correct copy of the Trustee's Deed is attached hereto as Exhibit No. 2 and by reference made a part hereof. Debtor is currently residing in the Real Property without Movant's consent.

*Form M-200*

5. On January 17, 2012, Movant obtained a Judgment by Default for Landlord against the Debtor, et al., in the Justice Court, Precinct 6, Place 1 in Harris County, Texas in Cause No. EV61C0016861 ("Judgment"). The Judgment granted Movant physical possession of the Real Property and provided that a Writ of Possession be issued to seize possession of the same in favor of Movant. The Judgment is final and not appealable under applicable law. A true and correct copy of the Judgment is attached hereto as Exhibit No. 3 and by reference made a part hereof.

6. After issuance of the Writ of Possession ("Writ") to the Harris County Sheriff's Department, but before completed service of the Writ, Debtor filed her Voluntary Petition under Chapter 13 of the U.S. Bankruptcy Code on February 6, 2012 ("Petition Date").

7. As of the date of this Motion, Debtor has not filed her schedules in this case. However, Movant believes that Roberto M. Larios may be a co-debtor, as defined in 11 U.S.C. § 1301(a). As such, Movant includes Co-Debtor in this Motion out of an abundance of caution.

8. Type of collateral / Debtor's interest in Movant's Real Property: Debtor is currently a tenant at sufferance in the Real Property owned by Movant. As such, Debtor is unlawfully residing in the Real Property without Movant's consent. Consequently, the Bankruptcy Estate's only "interest" in connection with the Real Property is limited to Debtor's unlawful use of the Real Property as her current residence. The Real Property itself is not Property of the Estate, as defined in 11 U.S.C. § 541(a), et seq.

9. Debtor's scheduled value of property: Not applicable.

10. Movant's estimated value of property: Not applicable.

11. Total amount owed to movant: Not applicable. Movant's grounds for relief under 11 U.S.C. § 362(d) are not related to any monetary default of Debtor.

12. Estimated equity (paragraph 7 minus paragraph 8): Not applicable.

13. Total pre and post-petition arrearages: Not applicable.

14. Total post-petition arrearages: Not applicable.

15. Amount of unpaid, past due property taxes, if applicable: Not applicable.

16. Expiration date on insurance policy, if applicable: Not applicable.

17. Movant seeks relief based on the debtor(s)' failure to vacate the Real Property. Pursuant to 11 U.S.C. § 362(d)(1), Movant is entitled to relief from the automatic stay for "cause" including, but not limited to, the Debtor's unauthorized tenancy at the Real Property. As of the date of this Motion, the Debtor is a tenant at sufferance on the Real Property and is currently in possession without Movant's consent. The Debtor does not have a lease or residential agreement with Movant of any kind. As the current record owner of the Real Property, Movant is entitled to possession of the same and relief from the automatic stay under § 362(d)(1). *See In re McDonald,* 2002 Bankr. LEXIS 1973 *1-8 (Bankr. N.D. Tex. March 7, 2002). Movant desires to remove the

*Form M-200*

Debtor from the Real Property and proceed with further disposition of the Real Property pursuant to Movant's rights under applicable state law.

18. Co-Debtor has received consideration for Movant's claim, and Movant is entitled to relief from the Co-Debtor stay as the continuation of such stay would irreparably harm Movant's interest in the Real Property per 11 U.S.C. § 1301(c). Based on the foregoing, Movant seeks termination of the automatic stay and co-debtor stay to allow Movant to take physical possession of the Real Property and seeks to recover its reasonable and necessary costs and attorneys' fees in connection herewith.

19. Counsel for Movant certifies that prior to filing this motion the undersigned conferred with Debtor's counsel, Andrew Haut, Esq., by telephone conference on February 27, 2012, February 28, 2012, and March 1, 2012. Despite engaging in good faith settlement discussions, the parties were unable to reach an agreement.

Date: March 1, 2012.

Respectfully submitted,

/s/ *Thomas C. Scannell*
David M. O'Dens
Texas Bar I.D. 15198100
*dodens@settlepou.com*

Thomas C. Scannell
Texas Bar I.D. 24070559
*tscannell@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR COMERICA BANK

*Form M-200*

### Certificate of Service and Certificate of Compliance with BLR 4001

A copy of this Motion was served on the persons shown on Service List attached hereto at the addresses shown therein on March 1, 2012, by prepaid United States first class mail. Movant certifies that Movant has complied with Bankruptcy Local Rule 4001.

/s/ *Thomas C. Scannell*
Thomas C. Scannell

P:\crd\10\0595\lift.stay.doc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 12-30880-DRJ |
| JANIE SANTANA, | § | |
| | § | CHAPTER 13 |
| Debtor. | § | |

## SERVICE LIST
(Via U.S. Mail First Class or Electronically if a Registered ECF User)

| | | |
|---|---|---|
| Janie Santana<br>4625 Clay Street<br>Houston, Texas 77023 | Andrew Haut, Esq.<br>12946 Dairy Ashford<br>Sugar Land, Texas 77478 | U.S. Trustee<br>515 Rusk Avenue, Suite 3516<br>Houston, Texas 77002 |
| David G. Peake<br>9660 Hillcroft, Suite 430<br>Houston, Texas 77096-3856 | Roberto M. Larios<br>4625 Clay Street<br>Houston, Texas 77023 | Roberto M. Larios<br>275 South Oak Knoll Ave., Unit 10<br>Pasadena, California 91101 |

P:\crd\10\0595\service list.doc