AFTER RECORDING PLEASE RETURN TO:

Comerica Bank
Attn: Quick Close Dept.
600 A John Rodes Blvd.
Melbourne, FL 32934-9197

THIS SECURITY INSTRUMENT SECURES AN EXTENSION OF CREDIT AS DEFINED BY SECTION 50(a)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION.

**Comerica** Texas Home Equity Deed of Trust                    0326

This Deed of Trust is not intended to finance Borrower's acquisition of the Property.

THIS DEED OF TRUST is made on 05/17/2007. The grantor is Roberto M Larios and Janie Santana ("Borrower").

The trustee is Melinda A. Chausse, whose address is 1601 Elm Street, Dallas, TX ("Trustee").

The beneficiary is COMERICA BANK, a Michigan banking corporation, whose address is One Detroit Center 500 Woodward Ave Detroit, MI 48226 ("Lender").

Borrower owes Lender the principal sum of SEVENTY-FIVE THOUSAND FIVE HUNDRED FORTY-EIGHT AND 00/100 Dollars (U.S. $ 75,548.00). This debt is an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution (referred to herein as the "Extension of Credit") and is evidenced by Borrower's note dated the same date as this Deed of Trust (the "Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on 05/26/2027. This Deed of Trust secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Section 7 to protect the security of this Deed of Trust; and (c) the performance of Borrower's covenants and agreements under this Deed of Trust and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in Harris County, Texas which currently has the address of 4625 Clay St, Houston, TX 77023 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Deed of Trust. All of the foregoing is referred to in this Deed of Trust as the "Property;" provided however, that the Property is limited to homestead property in accordance with Section 50(a)(6)(H), Article XVI of the Texas Constitution.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any late charges due under the Note.

2. **Application of Payments.** If principal and interest are amortized monthly, all payments that are received by Lender and made by Borrower in the full amount then due as set forth in the Note shall be applied: first, to interest due; second, to principal due; and last, to any late charges due under the Note. If Borrower pays any scheduled payment(s) in advance, Lender shall apply these amounts on the scheduled due dates as set forth in the Note. If interest accrues daily under the Note, all payments that are received by Lender and made by Borrower in the full amount then due shall be applied first to any interest (including but not limited to any accrued interest) due and second to principal due.

If Borrower is in default (as set forth in Section 14), Lender may apply any payments, proceeds or amounts received by Lender at such time and in any manner or in any order that Lender may determine in Lender's discretion, notwithstanding any other provisions of this Section 2.

Any property insurance proceeds received by Lender shall be applied in the manner set forth in Section 5. Any other proceeds of any award or claim for damages, payments for partial release of security, or any other amounts of any kind received by Lender shall be applied by Lender to the sums secured by this Deed of Trust in any manner and in any order determined by Lender, whether or not then due, subject to applicable law.

3. **Prior Deeds of Trust.** Borrower shall perform all of Borrower's obligations under any deed of trust, security instrument or other security agreement, which has priority over this Deed of Trust, including Borrower's

TEXAS HOME EQUITY DEED OF TRUST – Page 1

Exhibit No. 1

covenants to make payments when due. Borrower agrees that should default be made in the payment of any note secured by any prior valid encumbrance against the Property, or in any of the covenants of any prior deed of trust or other security agreement, then the Note secured by this Deed of Trust, at the option of Lender, shall at once become due and payable. Lender may, but shall not be obligated to, advance monies to protect Lender's lien position and add the amount of such advances to Borrower's loan amount.

  4. **Charges and Liens.** Borrower shall pay or cause to be paid all taxes, condominium and planned unit development fees or assessments, sewer, water and other utility charges or fees, and other assessments, charges, fines and impositions attributable to the Property that may attain priority over this Deed of Trust, and leasehold payments or ground rents, if any.

  5. **Hazard or Property Insurance.** Borrower must insure the Property described in this Deed of Trust against reasonable risks of loss, damage and destruction. The insurance coverage must bear a reasonable relationship to (a) the amount, term and conditions of the loan; (b) the value of the Property; and (c) the existing hazards or risks of loss, damage or destruction. Ordinarily, property insurance covers or insures the Property against loss by fire and other hazards included within the term "extended coverage." Whenever the Property is located in an area that has been identified by the Federal Emergency Management Agency as an area having special flood hazards, Borrower must obtain flood insurance.

  Borrower has the option to furnish the required insurance coverage through an insurance policy that is in existence and that is owned or controlled by Borrower or an insurance policy obtained from an insurance company authorized to do business in Texas.

  Borrower shall pay all insurance premiums when due. Lender shall be named as mortgagee loss payee on any insurance policy obtained by Borrower that insures the Property. In the event of loss, Borrower shall give prompt notice to any insurer of the Property and Lender. Lender may make proof of loss if not made promptly by Borrower.

  Insurance proceeds shall be applied first to reimburse Lender for lawfully permitted costs and expenses incurred in connection with obtaining any such insurance proceeds, and then to restoration and repair of the Property, if the restoration or repair is economically feasible. If the restoration or repair is not economically feasible, the insurance proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, Lender shall be entitled to receive the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay the sums secured by this Deed of Trust, whether or not then due.

  If the Property is sold by court order or at a foreclosure sale or Lender acquires title to the Property, Lender shall automatically succeed to all rights of Borrower in and to any insurance policies and unearned insurance premiums and in and to the proceeds resulting from any damage to the Property prior to such sale or acquisition.

  **If insurance proceeds paid to Lender do not pay all amounts Borrower owes under the loan documents, Borrower is responsible for the balance, to the extent permitted by law.**

  6. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application.** Borrower now occupies and uses the Property as Borrower's Texas homestead and shall continue to occupy the Property as Borrower's Texas homestead for at least one year after the date of this Deed of Trust. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Deed of Trust or Lender's security interest. Borrower may cure such a default prior to acceleration by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of Borrower's interest in the Property or other material impairment of the lien created by this Deed of Trust or Lender's security interest. Subject to applicable law, Borrower shall also be in default and may be held personally liable for debt evidenced by the Note or this Deed of Trust if Borrower gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a Texas homestead.

  7. **Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender, so far as allowed by applicable law, may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Deed of Trust, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this Section 7, Lender does not have to do so. No powers are granted by Borrower to the Lender or Trustee that would violate provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution or other applicable law.

  Any amounts disbursed by Lender under this Section 7 shall become additional debt of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

  8. **Condominiums, Planned Unit Developments.** If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants

TEXAS HOME EQUITY DEED OF TRUST – Page 2

creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

9. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. **Condemnation.** Subject to the terms of any superior deed of trust or security agreement, the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, shall be paid to Lender to be applied to the sums secured by this Deed of Trust.

In the event of a total or partial taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in Section 1 or change the amount of such payments.

11. **Sale of Note; Change of Loan Servicer; Notice of Grievance; Lender's Right-to-Comply.** The Note or a partial interest in the Note (together with this Deed of Trust) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Deed of Trust and performs other mortgage loan servicing obligations under the Note, this Deed of Trust, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Extension of Credit is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Deed of Trust or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Deed of Trust, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 17) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. For example, Section 50(a)(6)(Q)(x), Article XVI of the Texas Constitution, generally provides that a lender has 60 days to comply with its obligations under the extension of credit after being notified by a borrower of a failure to comply with any such obligation. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 21 and the notice of acceleration given to Borrower pursuant to Section 13 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 11.

It is Lender's and Borrower's intention to conform strictly to provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution.

All agreements between Lender and Borrower are hereby expressly limited so that in no event shall any agreement between Lender and Borrower, or between either of them and any third party, be construed not to allow Lender 60 days after receipt of notice to comply, as provided in this Section 11, with Lender's obligations under the Extension of Credit to the full extent permitted by Section 50(a)(6), Article XVI of the Texas Constitution. Borrower understands that the Extension of Credit is being made on the condition that Lender shall have 60 days after receipt of notice to comply with the provisions of Section 50(a)(6), Article XVI of the Texas Constitution. As a precondition to taking any action premised on failure of Lender to comply, Borrower will advise Lender of the noncompliance by a notice given as required by Section 17, and will give Lender 60 days after such notice has been received by Lender to comply. Except as otherwise required by Applicable Law, only after Lender has received said notice, has had 60 days to comply, and Lender has failed to comply, shall all principal and interest be forfeited by Lender, as required by Section 50(a)(6)(Q)(x), Article XVI of the Texas Constitution in connection with failure by Lender to comply with its obligations under this Extension of Credit. Borrower will cooperate in reasonable efforts to correct any failure by Lender to comply with Section 50(a)(6), Article XVI of the Texas Constitution.

In the event that, for any reason whatsoever, any obligation of Borrower or of Lender pursuant to the terms or requirements hereof or of any other loan document shall be construed to violate any of the provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution, then any such obligation shall be subject to the provisions of this Section 11, and the document maybe reformed, by written notice from Lender, without the necessity of the execution of any amendment or new document by Borrower, so that Borrower's or Lender's obligation shall be modified to conform to the Texas Constitution, and in no event shall Borrower or Lender be obligated to perform any act, or be bound by any requirement which would conflict therewith.

TEXAS HOME EQUITY DEED OF TRUST – Page 3

All agreements between Lender and Borrower are expressly limited so that any interest, Extension of Credit charge or fee collected or to be collected (other than by payment of interest) from Borrower, any owner or the spouse of any owner of the Property in connection with the origination, evaluation, maintenance, recording, insuring or servicing of the Extension of Credit shall not exceed, in the aggregate, the highest amount allowed by Applicable Law.

It is the express intention of Lender and Borrower to structure this Extension of Credit to conform to the provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. If, from any circumstance whatsoever, any promise, payment, obligation or provision of the Note, this Deed of Trust or any other loan document involving this Extension of Credit transcends the limit of validity prescribed by Applicable Law, then any promise, payment, obligation or provision shall be reduced to the limit of such validity, or eliminated as a requirement if necessary for compliance with such law, and such document may be reformed, by written notice from Lender, without the necessity of the execution of any new amendment or new document by Borrower.

Lender's right-to-comply as provided in this Section 12 shall survive the payoff of the Extension of Credit. The provision of this Section 12 will supersede any inconsistent provision of the Note or this Deed of Trust.

**13. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust less any unearned amounts. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust. If Lender exercises this option and Borrower fails to pay these sums as required by Lender, Lender may invoke any remedies permitted by this Deed of Trust in accordance with applicable law. For purposes of this Section 13, the phrase "sold or transferred" shall also include, but not be limited to, the making of all or any part of the Property or any interest in it the subject of a bond for deed, contract for deed, installment sales contract, escrow agreement or similar arrangement the intent of which is the transfer of title by Borrower at a future date to a third-party purchaser.

**14. Default.** Borrower shall be in default under this Deed of Trust if Borrower fails to perform any of Borrower's obligations under the Note or this Deed of Trust, including but not limited to Borrower's obligations to:

   (a) make all scheduled payments in the full amounts when due;
   (b) pay or cause to be paid any amounts required by Sections 4 or 5;
   (c) comply with the provisions of Sections 9 or 23; or
   (d) perform any of Borrower's obligations under any deed of trust or other security agreement with a lien that has priority over this Deed of Trust.

Borrower shall be in default under this Deed of Trust if Borrower increases, renews, extends, amends, modifies, or refinances any deed of trust or other security agreement with a lien that has priority over this Deed of Trust, without the prior written consent of Lender.

**15. Forbearance By Lender Not a Waiver; Borrower Not Released to the Extent Permitted by Law.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy. Lender's acceptance of an amount that is less than all amounts then due and payable shall not be a waiver of the obligation to pay promptly the unpaid amounts. Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest.

**16. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of Sections 13 and 25. Borrower's covenants and agreements shall be joint and several subject to the provisions of Section 25. Any Borrower who co-signs this Deed of Trust, but does not execute the Note: (a) is co-signing this Deed of Trust only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Deed of Trust or to comply with the requirements of Section 50(a)(6)(A), Article XVI of the Texas Constitution providing for execution hereof, in order to establish a valid lien, by the spouse of each owner of the Property; (b) is not personally obligated to pay the sums secured by this Deed of Trust; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent.

**17. Notices.** Any notice to Borrower provided for in this Deed of Trust shall be given in writing by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given in writing by first class mail (but, by certified mail if the notice is given pursuant to Section 23 hereof) to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in Section 17.

**18. Governing Law; Severability.** This Deed of Trust shall be governed by any applicable federal law and the laws of Texas. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable

TEXAS HOME EQUITY DEED OF TRUST – Page 4

law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision. To this end the provisions of this Deed of Trust and the Note are declared to be severable.

19. **Clerical Errors.** If Lender discovers that the Note, this Deed of Trust or any other document or instrument executed in connection with the Note contains an error that was caused by clerical mistake, calculation error, computer malfunction, printing or similar error, Borrower and Lender agree that Lender may correct to the extent permitted by law such error(s) in a manner deemed reasonable by Lender.

20. **Loan Administration Errors.** If Lender determines that Lender or Loan Servicer has committed an error in the administration or servicing of the debt evidenced by the Note and secured by this Deed of Trust, which error was caused by clerical mistake, calculation error, computer malfunction, printing or similar error, Borrower and Lender agree that Lender may to the extent permitted by law adjust the outstanding loan balance, maturity date, scheduled payment amount and due date, interest rate, or any other terms of the debt evidenced by this Note and secured by this Deed of Trust in a manner deemed reasonable by Lender to correct any such error.

21. **Acceleration; Remedies.** If the Property secured by this Deed of Trust is the Borrower's residence, Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Deed of Trust (but not prior to acceleration under Section 13 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 20 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Deed of Trust and sale of the Property. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Deed of Trust without further demand and may invoke any remedies permitted by applicable law. Insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution and the Texas Credit Title, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence.

The lien evidenced by this Deed of Trust may be foreclosed upon only by a court order. Lender may, at its option, follow any rules of civil procedure promulgated by the Texas Supreme Court for expedited foreclosure proceedings related to the foreclosure of liens under Section 50(a)(6), Article XVI of the Texas Constitution ("Rules"), as amended from time to time, which are hereby incorporated by reference. The power of sale granted herein shall be exercised pursuant to such Rules, and Borrower understands that such power of sale is not a confession of judgment or a power of attorney to confess judgment or to appear for the Borrower in a judicial proceeding.

22. **Power of Sale.** It is the express intention of Lender and Borrower that Lender shall have a fully enforceable lien on the Property. It is also the express intention of the Lender and Borrower that Lender's default remedies shall include the most expeditious means of foreclosure available by law. Accordingly, the Lender and Trustee shall have all the powers provided herein except insofar as may be limited by the Texas Supreme Court. To the extent the Rules do not specify a procedure for the exercise of a power of sale, the following provisions of this Section 22 shall apply, if Lender invokes the power of sale. Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by applicable law. Lender shall provide a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Sale shall be made at public venue between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale. In the event of any conflict between such procedure and the Rules, the Rules shall prevail, and this provision shall automatically be reformed to the extent necessary to comply.

Trustee shall deliver to the purchaser who acquires title to the Property pursuant to the foreclosure of the lien a Trustee's deed conveying indefeasible title to the Property with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, court costs and reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Deed of Trust; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

23. **Extension of Credit Charges; Lender's Right-to-Comply.** It is Lender's and Borrower's intention to conform strictly to provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution.

In the event that, for any reason whatsoever, any obligation of Borrower or of Lender pursuant to the terms or requirements hereof or of any other loan document shall be construed to violate any of the provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution, then any such obligation shall be subject to the provisions of this Section 23, and such document shall be automatically reformed, without the necessity of the execution of any amendment or new document, so that

TEXAS HOME EQUITY DEED OF TRUST – Page 5

Borrower's or Lender's obligation shall be modified to conform to the Texas Constitution, and in no event shall Borrower or Lender be obligated to perform any act, or be bound by any requirement which would conflict therewith.

All agreements between Lender and Borrower are expressly limited so that any interest, loan charge or fee collected or to be collected (other than by payment of interest) from Borrower, any owner or the spouse of any owner of the Property in connection with the origination, evaluation, maintenance, recording, insuring or servicing of the Extension of Credit shall not exceed, in the aggregate, the highest amount allowed by applicable law.

If a law, which applies to this loan and which sets maximum interest, loan charges or fees is finally interpreted so that the interest, loan charges or fees that the Lender has collected or is entitled to collect in connection with this loan exceed the permitted limits, or a determination is made at any time by Lender that interest, loan charges or fees that the Lender has collected or is entitled to collect in connection with this loan exceed the permitted limit, then: (a) any such interest, loan charges or fees shall be reduced by the amount necessary to reduce the interest, loan charges or fees to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. The Lender will make this refund by making a payment to Borrower. The **Lender's payment of any such refund will extinguish any right of action Borrower might have arising out of such overcharge.**

It is the express intention of Lender and Borrower to structure this Extension of Credit to conform to the provisions of the Texas Constitution applicable to extensions of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. If, from any circumstance whatsoever, any promise, payment, obligation or provision of the Note, this Deed of Trust or any other loan document involving this Extension of Credit transcends the limit of validity prescribed by applicable law, then any promise, payment, obligation or provision shall be reduced to the limit of such validity, or eliminated as a requirement if necessary for compliance with such law, and such document shall be automatically reformed without the necessity of the execution of any new amendment or new document by Borrower.

Lender's right-to-comply as provided in this Section 23 shall survive the payoff of the Extension of Credit. The provision of this Section 23 shall supersede any inconsistent provision of the Note or this Deed of Trust.

24. **Release.** Within a reasonable time after termination and full payment of the Extension of Credit, the Lender shall cancel and return the Note to the owner of the Property and give the owner, in recordable form, a release of the lien securing the Extension of Credit or a copy of an endorsement of the Note and assignment of the lien to a lender that is refinancing the Extension of Credit. Owner shall pay only recording costs. **OWNER'S ACCEPTANCE OF SUCH RELEASE, OR ENDORSEMENT AND ASSIGNMENT, SHALL EXTINGUISH ALL OF THE LENDER'S OBLIGATIONS UNDER SECTION 50, ARTICLE XVI OF THE TEXAS CONSTITUTION.**

25. **Non-Recourse Liability.** Lender shall be subrogated to any and all rights, superior title, liens and equities owned or claimed by any owner or holder of any liens and debts outstanding immediately prior to execution hereof, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

Subject to the limitation of personal liability described below, each person who signs this Deed of Trust is responsible for ensuring that all of Borrower's promises and obligations in the Note and this Deed of Trust are performed.

Borrower understands that Section 50(a)(6)(C), Article XVI of the Texas Constitution provides that the Note is given without personal liability against each owner of the Property and against the spouse of each owner unless the owner or spouse obtained this Extension of Credit by actual fraud. This means that, absent such actual fraud, the Lender can enforce its rights under this Deed of Trust solely against the Property and not personally against the owner of the Property or the spouse of an owner.

If this Extension of Credit is obtained by such actual fraud, then, subject to Section 16, Borrower will be personally liable for the payment of any amounts due under the Note or this Deed of Trust. This means that a personal judgment could be obtained against Borrower, if Borrower fails to perform Borrower's responsibilities under the Note or this Deed of Trust, including a judgment for any deficiency that results from Lender's sale of the Property for an amount less than is owing under the Note, thereby subjecting Borrower's other assets to satisfaction of the debt.

If not prohibited by Section 50(a)(6)(C), Article XVI of the Texas Constitution, this Section 25 shall not impair in any way the lien of this Deed of Trust or the right of Lender to collect all sums due under the Note and this Deed of Trust or prejudice the right of Lender as to any covenants or conditions of the Note and this Deed of Trust.

26. **Copies.** Borrower shall be given at the time this Extension of Credit is made, a copy of all documents signed by the Borrower related to the Extension of Credit.

27. **No Unauthorized Fees.** Borrower has not paid any fee not disclosed in the HUD-1 or HUD-1A Settlement Statement.

28. **Proceeds.** The Borrower has not been required to apply the proceeds of the Extension of Credit to repay another debt except a debt secured by the Property or a debt to another lender.

29. **No Assignment of Wages.** The Borrower has not assigned wages as security for the Extension of Credit.

30. **One Section 50(a)(6) Loan.** Borrower acknowledges and represents that this Deed of Trust will secure the only Extension of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution after funding.

31. **Acknowledgment of Fair Market Value.** Lender and Borrower have executed a written acknowledgment as to the fair market value of Borrower's Property on the date the Extension of Credit is made.

32. **Acknowledgment of Waiver by Lender of Additional Collateral.** Borrower acknowledges that Lender waives all terms in any of Lender's loan documentation (whether existing now or created in the future) which (a) create cross default; (b) provide for additional collateral; and/or (c) create personal liability for any Borrower (except in the event of actual fraud), for the Extension of Credit. This waiver includes, but is not limited to, any (a) guaranty; (b) cross collateralization; (c) future indebtedness not secured by this Deed of Trust; (d) cross default; and/or (e) dragnet provisions in any loan documentation with Lender.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by Borrower and recorded with it.

YOU MAY, WITHIN 3 BUSINESS DAYS AFTER CLOSING, RESCIND THIS LOAN WITHOUT PENALTY OR CHARGE.

DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS DOCUMENT MUST BE CLOSED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.

_____ (Borrower)
Roberto M Larios

_____ (Borrower)

_____ (Borrower)
Janie Santana

_____ (Borrower)

State of Texas  §
County of __Harris__  §

This instrument was acknowledged before me, __May 17th__, 20__07__ by __Roberto M Larios__

> OTALIA LOPEZ
> My Commission Expires
> February 4, 2008

_____
Notary Public

State of Texas  §
County of __Harris__  §

This instrument was acknowledged before me, __May 17th__, 20__07__ by __Janie Santana__

> OTALIA LOPEZ
> My Commission Expires
> February 4, 2008

_____
Notary Public

State of Texas  §
County of _____  §

This instrument was acknowledged before me, _____, 20__, by _____.

_____
Notary Public

State of Texas  §
County of _____  §

This instrument was acknowledged before me, _____, 20__, by _____.

_____
Notary Public

TEXAS HOME EQUITY DEED OF TRUST – Page 9

Exhibit A
Legal Description

BEING THE WEST ONE-HALF (W1/2) OF LOT SIX (6) AND THE EAST ONE-HALF (E 1/2) OF LOT SEVEN (7), BLOCK THIRTY-SEVEN (37), OF EASTWOOD ADDITION TO THE CITY OF HOUSTON, SOUTH SIDE OF BUFFALO BAYOU, HARRIS COUNTY, TEXAS, AS PER MAP THEREOF RECORDED IN VOLUME 4, PAGES 42 AND 43 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

S&P File No: 10-0595
Property: 4625 Clay St.
Houston, TX 77023

AFTER RECORDING RETURN TO:
SETTLEPOU, c/o Barry D. Johnson
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300

**SUBSTITUTE TRUSTEE'S DEED**
(WITH AFFIDAVIT ATTACHED)

20110521090
12/13/2011  RP1  $28.00

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

STATE OF TEXAS §
§ KNOW ALL PERSONS BY THESE PRESENTS:
COUNTY OF Harris §

WHEREAS, on May 17, 2007, Roberto M. Larios and Janie Santana ("Maker") signed a Note for $75,548.00, payable to the order of Comerica Bank, a Texas Banking Corporation, which is secured by Deed of Trust filed of record in Instrument No. 20070381905 of the Real Property or Land Records of Harris County, Texas, against the property conveyed hereby. The Owner of the Note accelerated the maturity thereof by reason of default in the payment of installments due thereunder and\or by reason of default in the terms of the Deed of Trust and instructed the undersigned Substitute Trustee to exercise the power of sale contained in such Deed of Trust in order to satisfy the indebtedness secured thereby; and

WHEREAS, the undersigned Substitute Trustee, or an authorized representative of the Holder of the Note, did, at least twenty-one (21) days before the date on which a public sale of the property conveyed hereby was conducted, the following: (1) post a written NOTICE OF SUBSTITUTE TRUSTEE'S SALE ("Notice") of the time (including a statement of the earliest time at which such public sale would occur), place, and terms of a public sale of said property at the Courthouse Door or at such other place as may be designated by the Commissioner's Court of Harris County, Texas, the county in which said property is situated; (2) file one fully executed copy of said Notice in the office of the County Clerk of said Harris County; and (3) serve a copy of said written Notice upon each debtor obligated to pay the indebtedness evidenced by such Note, according to the records of the Owner of the Note, by depositing a true copy of such Notice in the United States mail, enclosed in a postpaid wrapper, by certified mail, properly addressed to each such debtor at the most recent address of such debtor as shown by the records of the Owner of the Note, as indicated in the Affidavit attached hereto and incorporated herein by reference; and

WHEREAS, both the Holder of the Note and the undersigned Substitute Trustee have performed all prerequisites required by law and by the Deed of Trust necessary to the valid exercise of the power of sale contained in the Deed of Trust; now, therefore,

KNOW ALL PERSONS BY THESE PRESENTS:

By virtue of the powers granted to the Substitute Trustee under the Deed of Trust, I, the undersigned Substitute Trustee, did, on **December 6, 2011**, that being the first Tuesday of such month and the date scheduled therefor, no earlier than 10:00 a.m. as set forth in the Notice and within three hours of such time on that day, sell the property hereinafter described at public auction at the area specified in such Notice (as is designated by the Commissioner's Court of such county where such sales are to be conducted or, if none, at the place where the Notice was posted) at the Courthouse of Harris County, Texas, to **Comerica Bank**, ("Grantee," whether one or more), the mailing address of whom or which is One Detroit Center, 500 Woodward Ave., Detroit, MI 48226, being the highest cash bidder therefor for the sum of **$82,234.06**; and 

That, for and in consideration of the premises and the payment to the undersigned of such cash sum by the Grantee, the undersigned Substitute Trustee has GRANTED, SOLD and CONVEYED, and by these presents does hereby GRANT, SELL and CONVEY, unto the said Grantee, all of the following described property:

BEING THE WEST ONE-HALF (W ½) OF LOT SIX (6) AND THE EAST ONE-HALF (E ½) OF LOT SEVEN (7), BLOCK THIRTY-SEVEN (37), OF EASTWOOD ADDITION TO THE CITY OF HOUSTON, SOUTH SIDE OF BUFFALO BAYOU, HARRIS COUNTY, TEXAS, AS PER MAP THEREOF RECORDED IN VOLUME 4, PAGES . 

**Exhibit No. 2**

TO HAVE AND TO HOLD the above described premises and property, together with the rights, privileges and appurtenances thereto belonging, unto the said Grantee, its successors and assigns forever; and the undersigned Substitute Trustee does hereby bind the Maker, its heirs, executors and administrators, successors and assigns, to WARRANT and FOREVER DEFEND the said premises unto the said Grantee, its successors and assigns, against the claim or claims of all persons claiming or to claim the same or any part thereof. This conveyance is made and accepted subject to the unpaid balance due and owing on any lien indebtedness that is superior to the Deed of Trust.

THE SALE OF THE PROPERTY IS "AS IS" AND "WHERE IS" AND WITHOUT REPRESENTATION OR WARRANTY OF ANY KIND BY THE SUBSTITUTE TRUSTEE(S), EXPRESS, IMPLIED, STATUTORY, QUASI-STATUTORY OR OTHERWISE, ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE BEING EXPRESSLY DISCLAIMED. NEITHER THE OWNER OF THE PROMISSORY NOTE NOR THE SUBSTITUTE TRUSTEE(S) MAKES ANY REPRESENTATIONS OR WARRANTIES WITH THE RESPECT TO COMPLIANCE WITH LAWS, RULES, AGREEMENTS OR SPECIFICATIONS, NOR WITH RESPECT TO CONDITION, QUALITY, CAPACITY, DESIGN, OPERATION, ABSENCE OF ANY LATENT DEFECTS OR ANY OTHER WARRANTY OR REPRESENTATION WHATSOEVER WITH RESPECT TO THE SUBJECT PROPERTY, ALL OF WHICH ARE EXPRESSLY WAIVED BY GRANTEE.

Dated: December 6, 2011

_____, Substitute Trustee
Sandy Dasigenis

STATE OF TEXAS §
§
COUNTY OF Fort Bend §

BEFORE ME, the undersigned authority, on this day appeared Sandy Dasigenis, and after being by me duly sworn, stated that he/she executed the foregoing instrument for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this December 6, 2011.

AUDREY WRIGHT
Notary Public, State of Texas
My Commission Expires
August 20, 2012

_____
Audrey Wright
Notary Public, State of Texas

FILE NO. 10-0595

### AFFIDAVIT OF POSTING AND SALE

STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared BARRY D. JOHNSON, who, after being duly sworn, stated the following:

"Affiant is the authorized representative for the Owner and Holder of the Note dated May 17, 2007, executed by Roberto M. Larios and Janie Santana, which is secured by the Deed of Trust dated May 17, 2007, recorded in Instrument No. 20070381905 of the Real Property Records of Harris County, Texas and has personal knowledge of the facts herein stated.

"After default in the performance on the obligations in the Note and/or Deed of Trust referenced above, and at least twenty-one (21) days before the resulting Substitute Trustee's Sale, Affiant, or his agent, acting as the authorized representative for the Holder of the Note secured by the Deed of Trust, gave written notice on November 14, 2011 of the sale to each Debtor who, according to the records of the Holder of the debt, was obligated to pay the debt in strict compliance with the requirements of Section 51.002 of the Texas Property Code. Service of the notices referenced herein was by certified mail, deposited in the United States mail, postage prepaid, and addressed to the Debtor at the Debtor's last known address as shown by the records of the Holder of the Note.

"In addition, and at the instruction of the Holder of the Note, a Notice of Substitute Trustee's Sale affecting the following property:

> BEING THE WEST ONE-HALF (W ½) OF LOT SIX (6) AND THE EAST ONE-HALF (E ½) OF LOT SEVEN (7), BLOCK THIRTY-SEVEN (37), OF EASTWOOD ADDITION TO THE CITY OF HOUSTON, SOUTH SIDE OF BUFFALO BAYOU, HARRIS COUNTY, TEXAS, AS PER MAP THEREOF RECORDED IN VOLUME 4, PAGES

was filed on November 14, 2011 in the office of the County Clerk of the County in which such property is situated and a copy was posted on November 14, 2011 at the door of the Courthouse or at such other place as may be designated by the Commissioner's Court of said County as required by §51.002 of the Texas Property Code. Said Notice set forth the earliest time the sale would occur and stated the sale would take place within three hours of the time set forth therein. The foreclosure sale was, in fact, conducted within the time set forth in the notice.

"To the best of Affiant's knowledge, any and all other notices and/or requirements that are contained in the Deed of Trust have been given and/or satisfied."

_____
BARRY D. JOHNSON, Affiant

STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day appeared BARRY D. JOHNSON, and after being by me duly sworn, stated that he executed the foregoing instrument for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this December 6, 2011.

_____
NOTARY PUBLIC, State of Texas

DEBORAH L. OFFENHAUSER
Notary Public, State of Texas
My Commission Expires
October 03, 2014

FILE NO.    10-0595

## AFFIDAVIT OF MAILING/MILITARY STATUS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

BEFORE ME, the undersigned authority, on this day personally appeared BARRY D. JOHNSON, who, after being duly sworn, stated the following:

"Affiant is the authorized representative for the Owner and Holder of the Note dated May 17, 2007, executed by Roberto M. Larios and Janie Santana, which is secured by the Deed of Trust dated May 17, 2007, recorded in Instrument No. 20070381905 of the Real Property Records of Harris County, Texas and has personal knowledge of the facts herein stated.

"To the best of Affiant's knowledge, the Holder of the Note secured by the Deed of Trust referenced above served written notice by certified mail on each Debtor who, according to the records of the Holder of the Note, is obligated to pay the Note, stating that the Debtor is in default under the Note and/or Deed of Trust. The Debtor was thereafter given at least twenty (20) days to cure the default before the entire debt was accelerated and declared due in full and before notice of the foreclosure sale was given.

"To the best of Affiant's knowledge, on the date of foreclosure, and for a period of 9 months prior thereto, the Owner(s) of the property described in the aforementioned Deed of Trust was/were alive and not in military service in the United States Army, Navy, Marine Corps, Coast Guard, Air Force or the Public Health Service. To the best of Affiant's knowledge, any and all other notices and/or requirements that are contained in the Deed of Trust have been given and/or satisfied."

BARRY D. JOHNSON, Affiant

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day appeared BARRY D. JOHNSON, and after being by me duly sworn, stated that he executed the foregoing instrument for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this December 6, 2011.

DEBORAH L. OFFENHAUSER
Notary Public, State of Texas
My Commission Expires
October 03, 2014

Notary Public, State of Texas



DEC 13 2011

COUNTY CLERK
HARRIS COUNTY, TEXAS

EV-Judgment-Default

### Case Number: EV61C0016861

| | | |
|---|---|---|
| COMERICA BANK<br>Plaintiff<br>vs.<br>ROBERTO M. LARIOS and JANIE SANTANA<br>Defendant(s) | § § § § § § § | In the Justice Court<br>Harris County, Texas<br>Precinct 6, Place 1<br>333 LOCKWOOD<br>1ST FLOOR<br>HOUSTON, TX 77011<br>(713) 921-1576 |

### JUDGMENT BY DEFAULT FOR LANDLORD

On this date, this case came on hearing. The plaintiff (Landlord) appeared in person (and by attorney) and announced ready for trial.

The defendant (Tenant), although having been duly and legally cited to appear, failed to appear and answer. Citation was served according to law and returned to the Court with the officer's action written thereon, within the time prescribed by law.

Possession: It is ORDERED, ADJUDGED, and DECREED that Plaintiff, COMERICA BANK, do have and recover possession of the following premises:

    4625 CLAY ST
    HOUSTON, TX 77023

Other Orders: It is further ORDERED that Plaintiff do have and recover from Defendant, ROBERTO M. LARIOS

- ☐ delinquent rent in the amount of $ .,
- ☐ reasonable attorney's fees in the amount of $ .,

and costs of the court, and interest at the rate of 00.000000% per annum from date of judgment until paid.

No writ of possession will issue until the expiration of five days from the time the judgment is signed.

*(Complete if judgment for the landlord is based on nonpayment of rent.)*
Payment of Rent during the Pendency of Any Appeal:

- ☐ The amount of rent to be paid each rental pay period during the pendency of any appeal is $ ..
- ☐ Portion of rent paid by government agency. A portion of the rent is payable by a government agency, and the amount of rent to be paid each rental pay period during the pendency of any appeal is:

    $ _____ by defendant;

    $ _____ by government agency.

The amount of appeal bond is $ 1,000.00 .

Signed on: 01/17/12



JUDGE RICHARD VARA
Justice of the Peace, Precinct 6 Place 1

JUZW3

EVJUDDEF
Page 1 of 2

Exhibit No. 3

EV-Judgment-Default

## CERTIFICATE OF MAILING

A copy of this Default Judgment was mailed to the premises by first class mail on _1-17-12_

_____
Clerk of Court

Amount of Appeal Bond: $ _____

Appeal Bond filed: _____   Approved: _____

Pauper's Affidavit Filed: _____   Notice to Opposing Party: _____

Contest Filed: _____   Ruling on Contest: _____

Certificate to County Judge: _____

Transmit transcript, records, and papers to County Court Clerk: _____

One rental period's rent paid:   Date: _____   Amount: $ _____

Writ of Possession Issued: _____

## NOTICE TO PARTIES INTENDING TO APPEAL: RIGHT TO REQUEST APPOINTMENT OF ATTORNEY

If you intend to appeal the Judgment of the Justice Court by filing a Pauper's Affidavit, you have the right to request the appointment of an attorney to represent you in the proceedings in the County Civil Courts at Law.

You may exercise this right after the Pauper's Affidavit has been approved and the appeal perfected.

You must make your request for the appointment of an attorney, in writing, to the County Civil Court at Law in which the appeal is filed.

An appointed attorney's representation is in the trial de novo in County Civil Court at Law. The County Civil Court at Law may terminate the representation for cause.

## NOTICE TO PARTIES INTENDING TO APPEAL BY FILING PAUPER'S AFFIDAVIT

If you are unable to pay the costs of appeal or file an appeal bond, you may appeal the Judgment of the Justice Court by filing a pauper's affidavit no later than the 5th day after the date the judgment is signed.

If you are the tenant and file a pauper's affidavit to appeal an eviction for nonpayment of rent, you must pay the initial deposit of rent into the registry of the justice court within five (5) days of the date you file the pauper's affidavit. The rent must be paid by cashier's check or money order payable to the "Justice of the Peace."

<u>Your failure to pay the first deposit of rent into the Justice Court Registry by the required date and time may result in the issuance of a writ of possession without a hearing.</u> Because the appeal has been perfected by filing a pauper's affidavit, even though a writ of possession has issued, the transcript and original papers will be forwarded to the County Civil Court at Law for trial de novo

## RIGHT TO CONTEST PORTION OF RENT PAID BY GOVERNMENT AGENCY

If a government agency is responsible for all or a portion of the rent, either party may contest the determination of the portion of rent to be paid by the tenant. A contest must be filed with the Justice Court on or before the 5th day after the date the judgment in the eviction proceeding is signed. Not later than the 5th day after the contest is filed, the Justice Court will notify the parties and hold a hearing to determine the amount to be paid by the tenant under the terms of the rental agreement and applicable laws and regulations. If the tenant object to the Justice Court's ruling on the portion of rent to be paid, the tenant is required to pay only the portion that the tenant claims is owed until the issue is heard in the County Civil Court at Law. During the appeal, the tenant or the landlord may file a motion with the County Civil Court at Law to reconsider the amount of rent that the tenant must pay into the Registry of the Court.

JUZW3

EVJUDDEF
Page 2 of 2