IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JANIE SANTANA,** § | |
| § | **BANKRUPTCY NO. 12-30880** |
| **Debtor** § | **(Chapter 7 – converted from Ch 13)** |

**EMERGENCY MOTION OF THE DEBTOR TO
REIMPOSE AUTOMATIC STAY AGAINST COMERICA**
*(Hearing requested for Wednesday, April 4, 2012 at 4:00pm; estimated time 10 minutes)*

A HEARING HAS BEEN SET ON THIS MOTION FOR APRIL __, 2012 AT ____ _.M., AT THE BOB CASEY FEDERAL COURTHOUSE LOCATED AT 515 RUSK, COURTROOM 400, HOUSTON, TEXAS 77002.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Janie Santana (the "Debtor" or "Santana"), and hereby moves this Court for entry of an order reimposing the automatic stay against Comerica (the "Motion"), and

respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

2. Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 7, 2012.  On March 5, 2012, Debtor converted the case the Chapter 7.  Debtor lives at 4625 Clay, Houston, Texas 77023 (the "Premises").

3.  Apparently, prior to the bankruptcy filing, Comerica had sent letters to Santana, notifying her of a default on her mortgage, acceleration of the amounts due under the Note, and notice of an impending foreclosure sale.  Santana never received these letters.  Santana was told by neighbors that an agent/private investigator of her ex-husband unlawfully removed letters from her mailbox, the incentive to do so being that according to Santana's divorce, it was her ex-husband's responsibility to pay the mortgage on the Premises.  Apparently, Santana's ex-husband was not making payments as promised.  Thus, Santana had no way to know that the mortgage was in arrears and that foreclosure had taken place and that eviction was imminent.

4. Throughout this case, and despite grieving the recent loss of her son in Afghanistan, Santana has been asking Comerica how much money Comerica believes it is owed, in an effort to save her home (admittedly a more difficult proposition now that foreclosure has actually taken place).

5. Comerica has refused to respond.  Instead, Comerica sought an order to lift the automatic stay.  Because Debtor did not yet have the funds to tender the Court, Debtor did not respond

to Comerica's recent motion. On April 2, 1012, this Court ordered that the automatic stay against Comerica be lifted.

6. Santana has just raised $6,000 from friends. (Santana had been trying to raise funds since the bankruptcy began). Santana hereby tenders said funds to the Court (toward any settlement that could put her back in good standing with regard to the Note) as a show of good faith so that Comerica will provide a payoff amount for the arrearage (and any associated costs) on the Note.

### RELIEF SOUGHT

7. Santana requests that the automatic stay be reimposed against Comerica until Comerica provides Santana with the amount necessary to bring her back into good standing. Ideally, Santana would like to make good on any arrearage and to reinstate the Note (and to pursue her ex-husband for his misconduct which created this situation).

### WHY AN EMERGENCY EXISTS

8. An emergency exists because now that the automatic stay against Comerica has been lifted, Comerica is free to pursue its state court remedies. Because Comerica has already foreclosed upon Santana's home, Comerica's next step is eviction. Because Comerica has already obtained an eviction order (prior to the bankruptcy), actual eviction by the sheriff could occur at any time. Thus, Santana requests relief as soon as possible. Note: If Santana had raised the funds earlier, she would have opposed in good faith Comerica's motion to lift the automatic stay.

### LEGAL AUTHORITIES IN SUPPORT OF THE RELIEF SOUGHT

9. Federal Rule of Civil Procedure 60 provides that a court may relieve a party from an order under certain circumstances. *See* Fed. R. Bankr. P. 9024 (generally applying Rule 60 to cases

under the Bankruptcy Code).   Appropriate here is provision (b)(6), "any other reason justifying relief from the operation of the [order]."

10. Additionally, Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
>
> 11 U.S.C. § 105(a).

11.   But for the acts of Santana's ex-husband (carried out by his agent), Santana could have stopped her home from being foreclosed upon.   But for Comerica's failure to provide Santana with an amount to make good on the note, Santana would know how much money she needs to raise in order to save her home.

12.   Santana relies on the rental income from her home to make ends meet (*i.e.,* she cannot work outside the home) because Santana has to care for family members with special needs.

13.   Comerica already foreclosed upon Santana's home (having "credit bid" at the auction). Thus, it is not too great a burden to reimpose the automatic stay against Comerica (and to permit Santana to occupy her home) until Comerica provides a payoff amount.   Given the misconduct of Santana's ex-husband and the refusal by Comerica to provide information to Santana, the relative equities favor granting Santana temporary relief until Comerica provides information.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request entry of an order granting relief requested herein, and such other and further relief as is just and proper.

Filed: April 4, 2012

                                              Respectfully submitted,

                                              **MIDDAGH & LANE, P.L.L.C.**

                                    By:  /s/ *Andrew Haut*
                                          Robert "Chip" C. Lane
                                          State Bar No. 24046263
                                          Anh Thu N. Dinh
                                          State Bar No. 24071480
                                          Andrew Haut
                                          State Bar No. 24067649
                                          So. District Bar No. 1002164
                                          6200 Savoy, Suite 1150
                                          Houston, Texas 77036
                                          (713) 595-8200 Telephone
                                          (713) 595-8201 Facsimile
                                          *Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2012, I sent a true and correct copy of the above and foregoing Emergency Motion of the Debtor to Reimpose the Automatic Stay Against Comerica to the following parties by the following means:

1. The United States Trustee (via email and ECF notification)

    Office of the US Trustee
    515 Rusk Ave
    Ste 3516
    Houston, TX 77002
    713-718-4650
    USTPRegion07.HU.ECF@USDOJ.GOV

2. Chapter 7 Trustee
    Randy W. Williams
    Thompson & Knight LLP
    333 Clay
    Ste 3300
    Houston, TX 77002
    713-654-8111
    713-654-1871 (fax)
    williarw@tklaw.com

3. Comerica (via email and ECF notification.):

    Thomas C Scannell, Jr. (tscannell@settlepou.com)
    Settle Pou
    3333 Lee Parkway
    Dallas, Texas 75219
    telephone (215) 520-3300

4. All other creditors and parties in interest (via ECF notification)

                      /s/ *Andrew Haut*
                      Andrew Haut