David M. O'Dens
Texas Bar I.D. 15198100
Thomas C. Scannell
Texas Bar I.D. 24070559
SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR COMERICA BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 12-30880-DRJ |
| JANIE SANTANA, | § | |
| | § | CHAPTER 13 |
| Debtor. | § | |

**COMERICA BANK'S RESPONSE TO DEBTOR'S EMERGENCY MOTION
TO REIMPOSE AUTOMATIC STAY AGAINST COMERICA [Docket No. 42]**

Comerica Bank ("Comerica"), a party-in-interest herein, hereby files its above-entitled Response to Debtor's Emergency Motion to Re-Impose Automatic Stay Against Comerica ("Motion"), filed by Janie Santana ("Debtor"), and in support thereof respectfully shows the Court:

**Summary of Response**

1. Debtor seeks relief to which she is equitably not entitled. She has failed and refused to make payments to Comerica for almost 16 months, yet enjoyed the use and benefit (*including rental income*) of the Real Property. All the while and as a result of Debtor's default, passing the economic burden of ownership to Comerica in the payment of taxes and insurance. The relief granted to Comerica in this Court's Order of April 2, 2012 [Docket No. 39] is proper and the stay should not re-imposed on Comerica.

## Factual Background

2. On or about May 17, 2007, Roberto M. Larios ("Co-Debtor") executed and delivered to Comerica that certain Texas Home Equity Note in the original principal amount of $75,548.00 ("Note"). A true and correct copy of the Note is attached hereto as Exhibit No. 1 and by reference made a part hereof.

3. On or about May 17, 2007, Debtor and Co-Debtor executed and delivered to Comerica a Texas Home Equity Deed of Trust ("Deed of Trust")[1] to secure the Note. A true and correct copy of the Deed of Trust is attached hereto as Exhibit No. 2 and by reference made a part hereof.

4. The Deed of Trust granted Comerica a security interest in Debtor's real property located at 4625 Clay Street, Houston, Texas 77023, as more particularly described in the Deed of Trust ("Real Property"). Comerica perfected its security interest in the Real Property by filing the Deed of Trust with the Harris County Clerk on June 22, 2007, in Document No. 20070381905.

5. Thereafter, Debtor and Co-Debtor defaulted under the terms of the Loan Documents by failing to timely pay amounts due and owing thereunder.

6. After Debtor and Co-Debtor's continued default and failure to cure the same, Comerica filed its Rule 736 Application for Order Allowing Foreclosure of Home Equity Lien ("736 Application") in the 198th Judicial District Court of Harris County, Texas, in Cause No. 2011-30878. On October 21, 2011, the Court entered its Order Granting Rule 736 Application for Foreclosure of Home Equity Lien ("736 Order") in favor of Comerica. A true and correct

---

[1] The Note, Deed of Trust and all other loan documents of any kind in connection therewith may be collectively referred to herein as the "Loan Documents."

copy of the 736 Order is attached hereto as Exhibit No. 3 and by reference made a part hereof. The 736 Order specifically granted Comerica the right to proceed with non-judicial foreclosure of the Real Property.

7. Comerica foreclosed on the Real Property and acquired title to the same at the substitute trustee's sale on December 6, 2011, at the Harris County Courthouse. Comerica filed the Substitute Trustee's Deed with the Harris County Clerk on December 13, 2011, in Document No. 20110521090. A true and correct copy of the Trustee's Deed is attached hereto as Exhibit No. 4 and by reference made a part hereof. Debtor and Co-Debtor were provided requisite notice of the foreclosure sale on November 14, 2011. A true and correct copy of the Notice of Acceleration and Sale sent to Debtor and Co-Debtor is attached hereto as Exhibit No. 5 and by reference made a part hereof.

8. On or about December 14, 2011, Comerica sent Debtor, Co-Debtor and all occupants of the Real Property a Notice to Vacate in compliance with Chapter 24 of the Texas Property Code. A true and correct copy of the Notice to Vacate is attached hereto as Exhibit No. 6 and by reference made a part hereof. Despite the Notice to Vacate, Debtor refused to vacate and surrender possession of the Real Property to Comerica. Consequently, Comerica was forced to proceed with an action to evict Debtor and Co-Debtor from the Real Property.

9. On January 17, 2012, Comerica obtained a Judgment by Default for Landlord against the Debtor, et al., in the Justice Court, Precinct 6, Place 1 in Harris County, Texas in Cause No. EV61C0016861 ("Judgment"). The Judgment granted Comerica physical possession of the Real Property and provided that a Writ of Possession be issued to seize possession of the same in favor of Comerica. The Judgment is final and time for appeal lapsed

pre-petition. A true and correct copy of the Judgment is attached hereto as Exhibit No. 7 and by reference made a part hereof.

10. After issuance of the Writ of Possession ("Writ") to the Harris County Sheriff's Department, but before completed service of the Writ, Debtor filed her Voluntary Petition under Chapter 13[2] of the U.S. Bankruptcy Code on February 6, 2012 ("Petition Date").

11. On March 1, 2012, Comerica filed its Motion for Relief From the Stay and Co-Debtor Stay Regarding Real Property ("Motion for Relief") [Docket No. 21]. The Motion for Relief was unopposed and this Court entered its Order granting Comerica's Motion for Relief ("Order") [Docket No. 39] on April 2, 2012. Pursuant to the Order, Comerica is entitled to serve its Writ of Possession on Debtor and proceed with obtaining possession of the Real Property pursuant to applicable law.

12. After failing to respond to the Motion for Relief, and specifically communicating to Comerica's counsel that Debtor was not opposed to the same ("March 30, 2012 Correspondence"), Debtor has now filed its Motion seeking to re-impose the automatic stay on Comerica after the Court's entry of the Order. A true and correct copy of the March 30, 2012 Correspondence is attached hereto as Exhibit No. 8 and by reference made a part hereof.

13. Since the date of Debtor's original default under the Loan Documents in June 2010, Comerica has attempted to work with Debtor in good faith to reinstate the Note. In response to Comerica's inquiries, Debtor provided Comerica with every imaginable excuse for Debtor's inability to remain current or cure arrears under the Note. Despite Debtor's

---

[2] The Debtor voluntarily converted this case to Chapter 7 on March 5, 2012 [Docket No. 27].

COMERICA BANK'S RESPONSE TO DEBTOR'S EMERGENCY
MOTION TO REIMPOSE AUTOMATIC STAY AGAINST COMERICA          PAGE 4 OF 10

unsubstantiated allegations in the Motion, after months of inexcusable default, Comerica was left with no choice but to protect its asset and proceed with collection.

14. Debtor has not paid Comerica since June 26, 2010, a period of 21 months. During this 21-month period, Comerica paid ad valorem taxes on the Real Property and extended funds to insure the Real Property. During this time, Debtor has continued to collect rent from tenants in the Real Property,[3] but has failed to pay any amounts due and owing under the Note to Comerica.

15. Comerica's decision to proceed with collection against Debtor and the Real Property was based on its business judgment that it was no longer economical to continue negotiating with Debtor after consideration of Debtor's extended default, numerous meritless excuses for nonpayment, and funds extended by Comerica to cover taxes and insurance on the Real Property.

### Argument and Authority

(A)     <u>11 U.S.C. § 105(a)</u>

16. Debtor is currently a tenant at sufferance in the Real Property and is in possession without Movant's consent. The Real Property is not Property of the Estate, and this Court's Order granting Comerica's Motion for Relief is proper. *See In re McDonald,* 2002 Bankr. LEXIS 1973 *1-8 (Bankr. N.D. Tex. March 7, 2002). Debtor has absolutely no right to remain in the Real Property for any further amount of time. Without any colorable claim to the Real Property, Debtor's Motion is groundless and should be denied in its entirety.

---

[3] *See Motion* at 4, ¶ 12. Debtor's Schedule I [Docket No. 24] shows monthly rental income of $1,200.00, which if actually collected, would be an amount almost doubling the Debtor's regular monthly payment to Comerica.

17. Assuming *arguendo* this Court should entertain the Motion, Debtor is not entitled to re-impose the automatic stay against Comerica because the equities do not point in Debtor's favor. After a stay is lifted, it may be re-imposed under section 105 and Rule 65 of the Federal Rules of Civil Procedure through Rule 7065 of the Federal Bankruptcy Rules. *Home Life Ins. Co. v. Abrams Square II, Ltd.*, 95 B.R. 51, 54 (Bankr. N.D. Tex. 1988) (Mahon, J.) (citing *In re Martin Exploration Co.*, 731 F.2d 1210, 1214 (5th Cir. 1984). The stay is an injunction and, therefore, the four *requirements* for an injunction must be satisfied: (a) substantial likelihood of success on the merits; (b) irreparable harm to the movant; (c) harm to the movant outweighs the harm to the nonmovant from denying the injunction; and (d) the injunction does not violate the public interest. *Abrams Square II, Ltd.*, 95 B.R. at 54 (emphasis added).

18. An injunction pursuant to § 105 is "extraordinary relief," and the burden lies with Debtor to make a "convincing demonstration" that all applicable elements are met. *GAF Corp. v. Johns-Mansville Corp., (In re Johns-Mansville Corp.)* 26 B.R. 405, 415 (Bankr. S.D.N.Y. 1983); *In re Nelson*, 140 B.R. 814, 816 (Bankr. M.D. Fla. 1992) ("It is well established that a preliminary injunction is an extraordinary and drastic remedy which may be granted only upon a clear and convincing showing that the movant has carried its heavy burden").

19. In this case, Debtor has not pled any facts entitling her to the injunction she seeks because the Debtor cannot prevail on the merits of this case. Despite the allegations contained in the Motion, the Loan Documents and the Texas Property Code do not require Comerica to safeguard Debtor's mailbox. The evidence proves that Comerica provided Debtor

the requisite notice under the Loan Documents and Texas Property Code and proceeded with a valid foreclosure sale of the Real Property.

20. Comerica has not provided Debtor with an amount to cure the Note following foreclosure because the Note was a home equity loan and Comerica must look only to the Real Property upon default. After Comerica foreclosed on the Real Property, there was no deficiency and the Note was extinguished. As such, there is no cure amount to provide in response to Debtor's request.[4] The evidence[5] submitted in this proceeding confirms that Comerica followed all judicial process and provided all requisite notice to accomplish a valid non-judicial foreclosure and eviction of the Real Property. Consequently, on the allegations contained in the Motion, Debtor has failed to meet her burden that she would prevail on the merits of this case. Thus, an injunction pursuant to § 105 is unwarranted.

(B) <u>Equities Presented in This Case</u>

21. As exemplified by § 105, this Court is a court of equity, and thus, Comerica intends to address the equities of this case. Debtor has not made any payments under the Note since June 26, 2010. Comerica attempted to work with Debtor in good faith to cure arrears on the Note prior to foreclosure. After Debtor's continued default, Comerica was forced to proceed with collection. During such time, Debtor took no action to cure the arrears under the Note. All the while, Debtor continued to live in the Real Property for free, collecting rent from tenants. Comerica paid the ad valorem taxes on the Real Property and paid for insurance to protect the Real Property. Comerica has never been reimbursed for the money it has spent

---

[4] The only requests for an amount to cure arrears under the Note came <u>*after*</u> the Debtor filed for bankruptcy protection.

[5] Indeed, the only "evidence" submitted in support of the Motion is Debtor's own conclusory, self-serving affidavit.

to preserve the Real Property. Any further extension of the stay at this point would severely impair Comerica's rights under applicable state law. Now, some four (4) months after the foreclosure, Debtor seeks to "reinstate" the loan – a right not allowed under the Loan Documents or the Texas Property Code.

(C) <u>The Relief Requested by the Motion is Misguided</u>

22. Debtor is inappropriately attempting to use this bankruptcy proceeding as an alternative state appellate court. The Debtor is without recourse under applicable state law and thus, is not entitled to seek shelter in this Bankruptcy Court to "appeal" her state law rights. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (a federal court must not become a court of appeals for a state court decision). The 736 Action and eviction are final and not appealable. As such, Debtor cannot use this bankruptcy as a vehicle to avoid the respective judgments rendered in state court.

23. At best, the facts pled in the Motion could be litigated in an adversary proceeding. It is improper to use this lift stay proceeding as a vehicle to accomplish in substance what is required by separate lawsuit. *See Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 33-34 (1st Cir. 1994) (explaining that a lift stay proceeding in bankruptcy does not adjudicate the underlying substantive rights of the parties). Therefore, Debtor's request to re-impose the stay on the grounds set forth in the Motion is misguided.

(D) <u>Request for Adequate Protection</u>

24. The relief requested in Debtor's Motion is wholly unsupported by the evidence in this case and case law addressing the same. However, to the extent the Court may conclude

that Debtor has met her burden of proof under § 105, Comerica alternatively requests the Debtor to provide adequate protection during the pendency of the automatic stay. Specifically, Comerica would request this Court to condition re-imposition of the stay upon the following conditions:

    (a)    Provide Comerica proof of insurance, as required under the terms and conditions of the Loan Documents;

    (b)    Pay to Comerica, or into the registry of the Court, monthly deposits as determined by the Real Estate Settlement Procedures Act for the projected payment of 2012 ad valorem real property taxes associated with the Real Property; and

    (c)    Make monthly payments as required under the terms and conditions of the Note, as if it had not been foreclosed, representing the reasonable rate of Debtor's use of the Real Property for the term the stay is in effect.

## Relief Requested

Comerica respectfully requests that the Court deny the Motion in its entirety. In the alternative, Comerica respectfully requests that the Court order Debtor to provide Comerica adequate protection and require Debtor to provide Comerica proof of insurance, as required under the terms and conditions of the Loan Documents; require Debtor to pay to Comerica, or into the registry of the Court, monthly deposits as determined by the Real Estate Settlement Procedures Act for the projected payment of 2012 ad valorem real property taxes associated with the Real Property; and require Debtor to make monthly payments as required under the terms and conditions of the Note, as if it had not been foreclosed, representing the reasonable rate of Debtor's use of the Real Property for the term the stay is in effect. Comerica

respectfully requests that the Court grant Comerica such other and further relief as is just and equitable.

Respectfully submitted,

/s/ *Thomas C. Scannell*
David M. O'Dens
Texas Bar I.D. 15198100
*dodens@settlepou.com*

Thomas C. Scannell
Texas Bar I.D. 24070559
*tscannell@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR COMERICA BANK

### Certificate of Conference

The undersigned certifies that a telephone conference was held with counsel for Debtor, Andy Haut, Esq., on April 5, 2012, concerning the Motion. Despite good faith discussion regarding the same, the parties were unable to resolve the relief requested in Debtor's Motion.

/s/ *Thomas C. Scannell*
Thomas C. Scannell

### Certificate of Service

A copy of this Response was served on the persons shown on Service List attached hereto at the addresses shown therein on April 6, 2012, by prepaid United States first class mail.

/s/ *Thomas C. Scannell*
Thomas C. Scannell

P:\crd\10\0595\response.motion.reimpose.doc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 12-30880-DRJ |
| JANIE SANTANA, | § | |
| | § | CHAPTER 13 |
| Debtor. | § | |

## SERVICE LIST
(Via U.S. Mail First Class or Electronically if a Registered ECF User)

Janie Santana
4625 Clay Street
Houston, Texas 77023

Andrew Haut, Esq.
12946 Dairy Ashford
Sugar Land, Texas 77478

U.S. Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002

Randy W. Williams, Esq.
333 Clay, Suite 3300
Houston, Texas 77002

Roberto M. Larios
4625 Clay Street
Houston, Texas 77023

Roberto M. Larios
275 South Oak Knoll Ave., Unit 10
Pasadena, California 91101

Greater East End Management Dist
1300 Main, Suite 300
Houston, Texas 77253

P:\crd\10\0595\service list.doc